IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 28, 2022

## WAYNE HADDIX D/B/A 385 VENTURES v. JAYTON STINSON, ET AL.

**Appeal from the Chancery Court for Shelby County**
**No. CH-17-0002     JoeDae L. Jenkins, Chancellor**

_____

### No. W2022-01618-COA-T10B-CV
_____

This is an accelerated interlocutory appeal as of right filed pursuant to Tennessee Supreme Court Rule 10B. Due to numerous deficiencies in the petition, the appeal is hereby dismissed.

**Tenn. S. Ct. R. 10B Interlocutory Appeal as of Right; Appeal Dismissed**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which W. NEAL MCBRAYER and KRISTI M. DAVIS, JJ., joined.

Mark T. Stinson, Memphis, Tennessee, pro se.

Salvador M. Hernandez, Nashville, Tennessee, for the appellee, Samuel LaWayne Haddix.

**OPINION**

### I.  FACTS & PROCEDURAL HISTORY

On November 14, 2022, Mark T. Stinson filed a pro se "Motion for Notice of Accelerated Interlocutory Appeal as of Right" in this Court. Therein, he asks this Court "to issue an order for Notice of Accelerated Interlocutory Appeal." Stinson states that he is "requesting an Accelerated Interlocutory Appeal of the Disqualification of Judge JoeDae L. Jenkins, and the nondecision of the Leave to Proceed in Forma Pauperis application." Stinson cites Tennessee Code Annotated section 17-2-101 and argues that a trial judge is incompetent to preside over a trial where he or she is "interested in the event." He also cites Tennessee Supreme Court Rule 10B for the notion that he is entitled to an interlocutory appeal as of right following the denial of his recusal motion, with this Court applying a de novo standard of review. In the "Argument" section of his filing, Stinson explains that he is requesting that Chancellor Jenkins recuse himself because he "sua sponte

illegally seized" $73,033.89 from a company's account receivables based on the statement of another party, but not facts. He also discusses a report of a special master. He suggests that Chancellor Jenkins "learned information concerning facts in dispute" and did not solely rely on matters learned in the courtroom. Further, Stinson asserts that he "has a civil lawsuit against" Chancellor Jenkins. For these reasons, Stinson asks this Court to "grant the Notice of Accelerated Interlocutory Appeal as of Right, and Disqualify Judge JoeDae L. Jenkins[.]"

Based on our review of the petition, we have determined that neither an answer, additional briefing, nor oral argument is necessary, and we elect to act summarily on the appeal in accordance with Rule 10B, §§ 2.05 and 2.06.

## II.  DISCUSSION

Because Stinson is pursuing accelerated interlocutory review pursuant to Rule 10B, he is subject to the Rule's specific requirements. *See Rothberg v. Fridrich & Assocs. Ins. Agency, Inc.*, No. M2022-00795-COA-T10B-CV, 2022 WL 2188998, at *1 (Tenn. Ct. App. June 17, 2022). "Our Rule 10B jurisprudence has emphasized how it 'is imperative that litigants file their petitions for recusal appeal in compliance with the *mandatory requirements* of Rule 10B in the first instance.'" *Id.* at *2 (quoting *Johnston v. Johnston*, No. E2015-00213-COA-T10B-CV, 2015 WL 739606, at *2 (Tenn. Ct. App. Feb. 20, 2015)). Rule 10B provides:

> **2.02.** To effect an accelerated interlocutory appeal as of right from the denial of a motion for disqualification or recusal of the trial court judge, a petition for recusal appeal shall be filed in the appropriate appellate court within twenty-one days of the trial court's entry of the order. . . .
>
> **2.03.** The petition for recusal appeal shall contain:
> (a) A statement of the issues presented for review;
> (b) A statement of the facts, setting forth the facts relevant to the issues presented for review;
> (c) An argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities; and
> (d) A short conclusion, stating the precise relief sought.
>
> *The petition shall be accompanied by a copy of the motion and all supporting documents filed in the trial court, a copy of the trial court's order or opinion ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal.*

(emphasis added). "'In expedited interlocutory appeals under Rule 10B, the only record

the appellate court generally has is the record provided by the appellant with his or her petition.'" *Rothberg*, 2022 WL 2188998, at *2 (quoting *Smith v. Daniel*, No. M2019-02083-COA-T10B-CV, 2019 WL 6825976, at *1 n.1 (Tenn. Ct. App. Dec. 13, 2019)). "[A]s a result of the accelerated nature of these appeals, 'meticulous compliance' with Rule 10B is required regarding the content of the record provided on appeal." *Id.* (quoting *Johnston*, 2015 WL 739606, at *2). To put it simply, "in the context of an accelerated interlocutory appeal under Rule 10B, we cannot physically see something that is not provided in connection with the initiating petition." *Id.* The fact that filings may exist in a trial court's record "does not enable us to review them in connection with the appeal if they are not provided to us." *Id.* at *2 n.3. For instance, in *Rothberg*, the petitioner submitted to this Court copies of a recusal motion and other documents that were "supposedly" filed with the trial court, but they were not file-stamped copies, and he also cited to numerous other documents in the trial court record that he did not provide to this Court. *Id.* at *1-2. Due to this deficiency, this Court dismissed the appeal. *Id.*

This Court likewise dismissed an appeal in *Judzewitsch v. Judzewitsch*, No. E2022-00475-COA-T10B-CV, 2022 WL 1279790, at *1-2 (Tenn. Ct. App. Apr. 29, 2022), where the petition was even more deficient. In that case, the petition for recusal appeal was not accompanied by a copy of the recusal motion, any supporting documents filed in the trial court, or the trial court's order or opinion ruling on the recusal motion, each of which was required pursuant to Rule 10B. *Id.* at *2. We concluded that the appeal "must be summarily dismissed" due to these "numerous and substantive failures to comply" with the Rule. *Id.* at *1. Although the petitioner was pro se, he was required to comply with the same substantive and procedural rules that represented parties were expected to observe. *Id.* at *2. Because of the deficiencies in the petition, however, we could not even determine whether the petition for recusal appeal was timely filed within twenty-one days of the trial court's order. *Id.* Thus, the appeal was dismissed. *Id.* at *3.

We find ourselves in the same position. Stinson's motion for an accelerated appeal is not accompanied by any additional documents. We do not have a copy of the recusal motion, the order denying it, or any other document filed in the trial court. Due to these deficiencies, this Court cannot meet our obligation to decide the appeal on an expedited basis, and we hereby dismiss the appeal. *See also Nisenbaum v. Nisenbaum*, No. M2021-01377-COA-T10B-CV, 2021 WL 5919114, at *1 (Tenn. Ct. App. Dec. 15, 2021) ("Ms. Nisenbaum failed to comply with Rule 10B when she filed her petition for accelerated appeal without any of the required supporting documents. So we dismiss the appeal."); *Cisneros v. Miller*, No. M2016-02426-COA-T10B-CV, 2017 WL 113964, at *2 (Tenn. Ct. App. Jan. 6, 2017) ("Because the petition for recusal appeal is not accompanied by the motion for recusal filed in the trial court, we dismiss the appeal.").

### III. CONCLUSION

For the aforementioned reasons, this appeal is hereby dismissed. Costs of this appeal are

taxed to the petitioner, Mark T. Stinson, for which execution may issue if necessary.

_____

CARMA DENNIS McGEE, JUDGE